# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL GOLDEN, JR.,**

    Plaintiff,

vs.                               Case No. 4:11cv54-SPM/WCS

**GOVERNOR RICK SCOTT, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. As Plaintiff has now paid the assessed initial partial filing fee, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint is against the Governor of the State of Florida, the State Attorney for the Second Judicial Circuit, an Assistant State Attorney, and a third attorney, who was Plaintiff's criminal defense attorney. Doc. 1. Plaintiff challenges several events leading up to his conviction after trial (which appears to have occurred in June, 2010). All of Plaintiff's claims in this case involve his conviction. For example,

Plaintiff contends that after he entered into a plea agreement, the State did not uphold their end of the bargain and so his attorney filed a motion outside of the time to withdraw the plea. Plaintiff contends the motion should not have been granted. Doc. 1, p. 5. Then on the eve of trial the State filed an amended information charging him with aggravated assault without intent to kill, and with aggravated battery, great bodily harm. *Id.* Plaintiff contends he was prejudiced unfairly and had insufficient time to prepare a defense before going to trial. *Id.* During the trial, Plaintiff contends the State requested that the charge of "felony battery, great bodily harm" be included in the jury instructions as a lessor included offense *Id.* Plaintiff argues that is not a lesser included offense. Furthermore, Plaintiff claims there is no lawful charge of "felony battery great bodily harm." *Id.*, at 5-6. Plaintiff also argues his attorney failed to object, and that witnesses were permitted to commit perjury in testifying at trial. *Id.*, at 6. Moreover, Plaintiff challenges the jury selection process. *Id.* Plaintiff was found guilty of both charges, felony battery and aggravated assault, and contends his due process rights were violation and he was subjected to malicious prosecution. *Id.*, at 6-7. As relief, Plaintiff seeks to have his conviction reversed and receive monetary compensatory. *Id.*, at 7.

      The law is clear that a prisoner may not seek to reduce his period of confinement or challenge is conviction in a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). An attack on the process of criminal proceedings and a conviction is a *habeas corpus* claim which must be brought before the court through the filing of a petition under 28 U.S.C. § 2254.

Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of *habeas corpus*, a state prisoner must first present each issue upon which the petitioner seeks review in federal court to the state courts for consideration. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Picard v. Connor, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Plaintiff may pursue relief through the filing of a Rule 3.850 motion and habeas corpus petition in Florida state courts to seek relief for his claims. Plaintiff may then file an appeal at the state level from a decision of the lower courts in this matter if adverse to Plaintiff. *See* FLA. CONST., art. V, § 4; FLA. R. APP. P. 9.110.

However, Plaintiff's claims are a direct attack on his conviction and may not proceed in this Court as a civil rights action. Plaintiff's claims cannot be addressed, even though Plaintiff seeks relief in the form of damages in addition to a reduction in the length of his incarceration, because a claim for damages that is related to a conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 512 U.S. 477, 114 S. Ct. 2364, 2372. In order to recover damages for allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id.* Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373.

If Plaintiff wishes to challenge his conviction and confinement through a writ of *habeas corpus*, he may do so by filing the appropriate petition under 28 U.S.C. § 2254 after exhausting state remedies. However, Plaintiff's complaint under § 1983 which is

presently before the court should be dismissed as frivolous because Plaintiff has failed to state a claim upon which relief may be granted.

It is therefore respectfully **RECOMMENDED** that Plaintiff's civil rights complaint, doc. 1, be **DISMISSED** for failing to state a cognizable claim. It is further recommended that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 4, 2011.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**